

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 17, 1974

The Honorable Joe D. Carter,
Chairman
Texas Water Rights Commission
P. O. Box 13207, Capitol Station
Austin, Texas 78711

Opinion No. H- 214

Re: Validity and effect of
allocation of funds appropriated
to the Water Rights Commission
to the Neches River Conservation
District (House Bill 139, Page III-
156, Item 13)

Dear Mr. Carter:

Your opinion request provides the following information:

"The Commission has authorized me to seek
your opinion on the following appropriation made as
Item 13, page III-156, by the 63rd Legislature, Regular
Session, 1973, as a part of the appropriations for this
State agency:

For allocation to the Neches River Conservation District
Year ending August 31, 1974. . . $21,740
Year ending August 31, 1975. . . $21,740

"On page III-159 is a rider which reads as follows:

'The Neches River Conservation District,
for whom appropriations are made above,
shall repay the State of Texas from funds
received from sources other than the State
of Texas in the amount of the appropriation
made to the District. ' "

Concerning this appropriation which is made to the Water Rights Commission and not to the District, you first inquire, "Is the appropriation valid as to purpose?"

It is well settled that "[e]xcept as limited by constitutional provisions, the legislative body of the state has absolute control over its finances. . .and it may direct and control the disposition of [state] funds." 81 C.J.S. States § 132 (1953). The Texas Supreme Court considered it a "well-recognized principle of constitutional law" that the legislature may make any law not prohibited by the state or federal constitution. Shepherd v. San Jacinto Junior College District, 363 S.W. 2d 742, 743 (Tex. 1963). Thus unless contravened by a constitutional provision, the appropriation is valid.

Article 16, § 59 of the Texas Constitution indicates that:

> "(a) The conservation and development of all of the
> natural resources of this State, including the control,
> storing, preservation and distribution of its storm
> and flood waters, the waters of its rivers and streams,
> for irrigation, power and all other useful purposes,
> the reclamation and irrigation of its arid, semi-arid
> and other lands needing irrigation, the reclamation
> and drainage of its overflowed lands, and other lands
> needing drainage, the conservation and development
> of its forests, water and hydro-electric power, the
> navigation of its inland and coastal waters, and the
> preservation and conservation of all such natural
> resources of the State are each and all hereby declared
> public rights and duties; and the Legislature shall pass
> all such laws as may be appropriate thereto. "

The Neches River Conservation District was created by and functions according to Article 8280-108, V. T. C. S. It is ". . . a governmental agency, body politic and corporate, vested with all the authority as such under the Constitution and Laws of the State. . . ." It is authorized:

> ". . . to construct, maintain and operate, in the valleys
> of the Sabine and Neches Rivers and their tributaries,

> within or without the boundaries of such district,
> any and all works deemed essential to the operation
> of the district and for its administration in the control,
> storing, preservation and distribution to all useful
> purposes of the waters of the Sabine and Neches Rivers
> and their tributary streams, including the storm and
> flood waters thereof; and such district shall have and
> be recognized to exercise such authority and power
> of control and regulation over such waters of the Sabine
> and Neches Rivers and their tributaries as may be
> exercised by the State of Texas, subject to the provisions
> of the Constitution and the Acts of the Legislature. "
> (Sec. 1, Art. 8280-108 V. T. C. S. )

Furthermore, the District is subject to the continuing supervision of the Texas Water Rights Commission.  Vernon's Texas Water Code, § 6. 074; Vernon's Texas Civil Statutes, Art. 8280-108, § 15.

We assume that the funds in question will be used to advance the statutory purpose of the District.  As the statutory purpose of the District is declared by the Constitution to be a public duty and as the District is subject to the supervision of the State through the Texas Water Rights Commission, we cannot say as a matter of law that the expenditure is not for a proper state purpose.

Article 16, Section 59 of the Texas Constitution prevents the Legislature from ". . . [providing] for any indebtedness against any reclamation district unless such proposition shall first be submitted to the qualified property tax-paying voters of such district and the proposition adopted. " This provision applies only to indebtedness which is to be paid from taxes rather than revenue. Austin Mill & Grain Co. v. Brown County Water Improvement District No. 1, 128 S. W. 2d 829 (Tex. Civ. App. Austin 1939), aff'd 138 S. W. 2d 523 (Tex. 1940). As the Neches River Conservation District has no taxing authority, Vernon's Texas Civil Statutes, Art. 8280-108, § 1, the Legislature is not providing for indebtedness against the district in an unconstitutional manner.

We find no constitutional prohibition against the appropriation of these funds or the requirement that they be repaid to the State and thus your first question is answered in the affirmative.

The Honorable Joe D. Carter, page 4 (H-214)


Your second question is, "Can the Texas Water Rights Commission pay the money in a lump sum to the District?"

Appropriations of this nature are often paid in a lump sum. In Attorney General Opinion MS-88 (1953), the Comptroller was allowed to pay a $30,000 appropriation to the Sabine River Authority in a lump sum. This appropriation was a loan of the same nature as the one in question here. Similarly, Attorney General Opinion M-1044 (1972) considered an appropriation providing, "There is hereby appropriated $5,000 out of the General Revenue Fund for the biennium beginning September 1, 1971, for all necessary operating expenses in conjunction with the operation of Elm Creek Water Control District." The opinion concluded, ". . . that the Legislature intended that the District might receive the full lump sum at any time during the biennium for which it was appropriated." A $50,000 appropriation to the Red River Authority was authorized as a lump sum by Attorney General Opinion WW-1188 (1961).

There is no language in the appropriations indicating payment in other than a lump sum and, therefore, you are advised that lump sum payments are authorized on an annual basis.

Your third question is, "What administrative documents are needed to accomplish the loan and repayment thereof to the State?"

In the body of your letter you pose several related questions as follows:

> "Since this has been referred to as a 'loan' from the
> State, what security is to be required, what papers
> must be processed and what duties, if any, does this
> Commission have to supervise and service the loan?
> On repayment of the money, under what appropriation
> number will it be deposited into the State Treasury?"

You have correctly described the appropriation as "somewhat vague" and we have found no specific guides to answer your inquiries.

The legislature has not provided for a repayment schedule or required security. As there are no specific legislative guidelines for repayment, we believe

the procedure for repayment should be determined by the District and the Commission in consultation with the Treasurer, the Comptroller and the State Auditor. Any payment schedule or other arrangement agreed to between you and the district should be reduced to writing, but no formal documents are required. We do not see any provision requiring the district to put up security for the loan. The repayments, although it is likely they will be administered by the Water Rights Commission, will be to the credit of the State as a whole rather than the Commission.

<u>SUMMARY</u>

The appropriation to the Texas Water Rights Commission for allocation to the Neches River Conservation District is valid. Said appropriations may be paid annually in a lump sum. Repayment by the District, as called for in the appropriation, shall be made under arrangements to be made between the Commission and the District in consultation with the Treasurer, the Comptroller and the State Auditor and the money should be deposited in the Treasury to the credit of the State.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee